# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:14-CV-357-PRC |
| | ) |
| $20,000.00 in U.S. CURRENCY, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| MANUEL DE JESUS VELASQUEZ, | ) |
| | ) |
| Claimant. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss Verified Complaint in Rem [DE 7], filed by Claimant Manuel De Jesus Velasquez on October 27, 2014. Plaintiff the United States of America filed an opposition brief on November 10, 2014. Velasquez has not filed a reply, and the time to do so has passed.

The Government filed a Verified Complaint in Rem for forfeiture of $20,000.00 pursuant to 21 U.S.C. § 881, making the following factual allegations:

> 1. On May 29, 2014, a police officer was stationed in the median on I-65 observing north bound traffic, when the officer observed a red vehicle in the left lane about to pass a semi-tractor in the right lane. Approximately ½ mile away from the officer, the red vehicle quickly slowed and pulled behind the semi-tractor trailer. As the red vehicle passed the officer, he observed it traveling at a speed of 65 mph approximately one car length behind the semi-tractor trailer. The officer pulled out and behind the red vehicle and observed it cross the fog lane. As a result of the two infractions, the officer pulled over the vehicle.
>
> 2. The red vehicle was occupied by two individuals, the driver, Velasquez, and a passenger. The vehicle was registered to a third-person. Velasquez appeared extremely nervous and his hands were shaking. The officer had Velasquez sit in the police vehicle while he conducted a license check.

3. While in the police vehicle, the officer asked Velasquez where he was coming from and Velasquez stated he was looking for a house and then stuttered and changed it to looking for a car. The officer asked Velasquez where he looked at cars and for what type of cars. Velasquez was vague indicating only that they had come from Cicero, Illinois, and driven to Indianapolis, Indiana, where they drove around the streets looking for cars.

4. The officer then went back to the red vehicle to identify the passenger. The passenger stated that he and Velasquez went to Indianapolis to look for a location for a new restaurant, but that they did not stop anywhere, but just drove around. The officer then went back to his vehicle and asked Velasquez if they were looking for a restaurant location and Velasquez said no.

5. The officer asked Velasquez for consent to search the vehicle which was given. The passenger was then seated in the police car with Velasquez while the officer searched. The police vehicle's audio-video recorder was on and Velasquez is heard telling the passenger what he should say regarding the purpose of the trip. The passenger told Velasquez that he told the officer the wrong story.

6. During the search of the vehicle, the officer found a laptop bag containing the defendant property ($20,000.00 in U.S. Currency). The currency was folded into $1,000.00 stacks and each stack was combined with four other stacks. A drug detecting canine was summoned and the dog reacted positively to the presence of controlled substances in the vehicle and to the laptop bag containing the currency.

(Compl.).

Under 21 U.S.C. § 881(a)(6), currencies or negotiable instruments are subject to forfeiture if they are furnished or intended to be furnished in exchange for a controlled substance, used or intended to be used to facilitate a prohibited narcotics transaction, or are proceeds traceable to an exchange of controlled substances. The Government must prove, by a preponderance of the evidence, that the property is subject to forfeiture. *See* 18 U.S.C. § 983(c)(1). If the Government's theory is that the seized property was used to commit or facilitate the commission of a crime, it must establish that there was a substantial connection between the property and the offense. *See* 18 U.S.C. § 983(c)(3).

In the instant motion, Claimant Velasquez seeks dismissal of the Verified Complaint in Rem

for failure of the Government to allege a nexus between the $20,000.00 and alleged violations of 21 U.S.C. § 841. Although Velasquez does not cite any rule in support of his Motion to Dismiss and although Velasquez has not filed a separate brief as required by Northern District of Indiana Local Rule 7-1(b), the motion is governed by Rule G(8)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Federal Rule of Civil Procedure 12(b)(6):

> (b) Motion To Dismiss the Action.
> (i) A claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b).
> (ii) In an action governed by 18 U.S.C. § 983(a)(3)(D) the complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property. The sufficiency of the complaint is governed by Rule G(2).

Supplemental Rule G(8)(b).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

Rule G(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims, which governs pleadings in a civil forfeiture action, requires that the complaint: (a) be verified; (b) state the grounds for subject matter jurisdiction, in rem jurisdiction over the property, and venue; (c) describe the property with reasonable particularity; (d) if the property is tangible, state its location when any seizure occurred and–if different–its location when the action was filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support

a *reasonable belief* that the government will be able to meet its burden of proof at trial. Supplemental Rule G(2)(a-f); *see* 18 U.S.C. § 983(a)(3)(A).

In the instant motion, Velasquez challenges only the last requirement. To survive the Motion to Dismiss, the Complaint must provide sufficient facts to support a "reasonable belief" that the Government will be able to prove by a preponderance of the evidence at trial that the seized $20,000.00 was derived from or was intended to be used to commit a drug offense.

In his motion, Velasquez states that he is gainfully employed as a proprietor of a Mexican restaurant known as Los Pinoleros, located in Stickney, Illinois, and he argues that no controlled substance was found in the vehicle, implying that the drug detecting canine's positive reaction to the presence of a controlled substance is insufficient as a matter of law to believe the money is linked to a narcotics transaction.

A positive dog sniff, however, is entitled to probative weight in this Circuit. *See United States v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 460 (7th Cir. 2005). In addition to the canine alert, the allegations of the quantity of the seized currency ($20,000.00), the manner in which the currency was bundled, Velasquez's nervous appearance when confronted by law enforcement, and the inconsistent statements given by Velasquez and by the passenger as to the purpose of their trip are sufficient to support a reasonable belief that the Government will be able to prove by a preponderance of the evidence at trial that the seized $20,000.00 is subject to forfeiture under § 881(a)(6). *See United States v. Funds in the Amount of Three Hundred, Nine Thousand & Seven Hundred Fifty Dollars ($309,750.00)*, No. CIV.A. 08 C 5586, 2009 WL 1974425, at *3 (N.D. Ill. July 8, 2009).

Finding that the Government has met its pleading burden, the Court hereby **DENIES** the

Motion to Dismiss Verified Complaint in Rem [DE 7].

SO ORDERED this 24th day of November, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT
